UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO: 6:10-cr-145-MSS-EJK

ANTONIO D. BIZZELL
_____

ORDER

**THIS CAUSE** is before the Court for consideration of Defendant Antonio D. Bizzell's Motion for Compassionate Release (the "Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. (Dkt. 283) The Government has not filed a response to the Motion. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion for Compassionate Release and reduces his sentence of imprisonment as further specified in this Order.

I. BACKGROUND

On May 2, 2011, a jury convicted Mr. Bizzell of one count of conspiracy to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count One); three counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(c) and 18 U.S.C. § 2 (Counts Two, Four, and Six); three counts of carrying and using a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and § 2 (Counts Three, Five, and Seven); and three counts of possession of a firearm by a prohibited person (convicted felon) in violation of 18 U.S.C. § 922(g)(1) (Counts Eight, Nine, and Ten) (Dkt. 169).

On September 14, 2011, the Court sentenced Mr. Bizzell to 65 years (780 months) of imprisonment, which included concurrent terms of 10 years (120 months) as to the one count of conspiracy to possess with intent to distribute crack cocaine, three counts of possession with intent to distribute crack cocaine, and three counts of possession of a firearm by a convicted felon. (Dkt. 209) Mr. Bizzell's sentence also included a consecutive term of 5 years (60 months) for the first § 924(c) count and 25 years (300 months) consecutive for each of the second and third § 924(c) counts. (Id.)

At the time the Court sentenced Mr. Bizzell, the three firearms convictions (Counts Three, Five, and Seven) carried a mandatory, consecutive sentence of 5 years, 25 years, and 25 years, respectively. 18 U.S.C. § 924(c)(1) (2006). Mr. Bizzell immediately appealed his conviction and sentence, which the Eleventh Circuit affirmed. (Dkt. 268)

In January 2021, Mr. Bizzell filed an Emergency Motion Requesting Home Confinement and/or a Reduction in Sentence Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i) and 28 USC § 1651. (Dkt. 275) Mr. Bizzell sought compassionate release, citing the risk of contracting an illness from COVID-19 while incarcerated. (Id.) The Court, however, denied Mr. Bizzell's motion without

prejudice because he failed to demonstrate he had exhausted his administrative remedies. (Dkt. 277)

In April 2021, Mr. Bizzell renewed his motion, identifying two grounds for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i): (i) his "high risk from the COVID-19 pandemic," and (ii) the "drastic disparity" between his 780-month sentence—which was primarily driven by the stacking of his three 18 U.S.C. § 924(c) convictions—and the sentence he would receive today in light of the First Step Act's elimination of § 924(c) stacking. (Dkt. 279) After the Government responded in opposition, and Mr. Bizzell filed a reply, the Court deferred ruling on Mr. Bizzell's motion, citing an intervening Eleventh Circuit decision that could potentially impact Mr. Bizzell's claim which had been appealed to the Supreme Court. (Dkt. 282)

The intervening decision was United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021). There, the Eleventh Circuit held that a district court may not reduce a sentence unless a reduction would be consistent with the categories of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13. At the time, § 1B1.13 recognized the following reasons as extraordinary and compelling: (i) terminal illness; (ii) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (iii) the death of the caregiver of the defendant's minor children; and (iv) "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the three categories previously mentioned. U.S.S.G. § 1B1.13 Application Note 1(A)-(D) (2021). Bryant further

3

explained that the catch-all provision in the policy statement "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." 996 F.3d at 1248. Thus, Bryant appeared to foreclose Mr. Bizzell's argument as it related to the stacking of his § 924(c) convictions because it was an argument not encompassed by U.S.S.G. § 1B1.13's definition of "extraordinary and compelling reasons," nor was it raised by the Director of the Bureau of Prisons ("BOP") as an extraordinary and compelling reason.

On appeal to the Supreme Court, Mr. Bryant sought review of whether the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 was "an 'applicable' policy statement that binds a district court in considering a *defendant-filed motion* for compassionate release." Bryant v. United States, No. 20-1732, 2021 WL 2435779 (U.S. June 10, 2021) (emphasis added). In Mr. Bizzell's motion for compassionate release, he had also raised the same question, which he asked this Court to resolve in his favor. (Dkt. 279 at 8-9) The Supreme Court, however, denied Mr. Bryant's petition for a writ of certiorari on December 6, 2021. Consequently, Bryant remains binding on the district courts within the Eleventh Circuit.

Although the Court did not reinstate Mr. Bizzell's motion upon the Supreme Court's denial of the petition in Bryant, the Court has closely monitored changes to the law, which is now more favorable to Mr. Bizzell than at the time he filed his most recent motion for compassionate release. Specifically, U.S.S.G. § 1B1.13, as amended November 1, 2023, now authorizes a reduction of sentence where there is a

4

finding made that a defendant was given an "unusually long sentence." § 1B1.13(b)(6). See United States v. Luster, 2024 U.S. App. LEXIS 584, 2024 WL 95469, at *3 (11th Cir. Jan. 9, 2024) ("nothing in § 3582(c)(1)(A) prevents [Mr. Bizzell] from filing a new motion for a sentence reduction based on the new version of § 1B1.13").

Mr. Bizzell is currently 41 years old and incarcerated at Coleman Medium FCI. See https://www.bop.gov/inmateloc/(last accessed April 18, 2024). He has served more than 12 years of his custodial sentence and is projected to be released on April 6, 2066. (Id.) He requests that his custodial sentence be reduced to 15 years (180 months), which would include 10 years (120 months) for his non-section 924(c) convictions, and 5 years (60 months) for his section 924(c) offenses. (Dkt. 283 at 37) Mr. Bizzell requests that the remaining 5 years "be served on home-confinement; or to time served." (Id.)

**II.   LEGAL FRAMEWORK**

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

>   imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission's policy statement is found in § 1B1.13 and the accompanying Application Notes. In November 2023, an amended version of § 1B1.13 became effective which added new grounds for relief under 18 U.S.C. § 3582(c)(1)(A)(i) in response to the First Step Act of 2018.[1] Congress enacted the First Step Act of 2018, which expanded the scope of § 3582(c)(1)(A), with the aim of "increasing the use and transparency of compassionate release." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018).

The policy statement now defines "extraordinary and compelling reasons" as (1) the medical condition of the defendant, (2) the advanced age of the defendant, (3) the defendant's family circumstances, (4) the defendant was a victim of abuse, (5) "other reasons," [2] and (6) the defendant is subject to an unusually long sentence. § 1B1.13(b).

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the

---

[1] See U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited February 1, 2024).

[2] The policy statement defines "other reasons" to mean: "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

6

policy statement found in § 1B1.13, district courts must also consider "all applicable" § 3553(a) factors. United States v. Cook, 998 F.3d 1180, 1183-84 (11th Cir. 2021); see also United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

In sum, "[b]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and ... (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." Tinker, 14 F.4th at 1237. "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Generally, the defendant bears the burden of establishing a sufficient basis for compassionate release. United States v. Aguilar, No. 4:12-CR-9-MLB, 2022 U.S. Dist. LEXIS 70148, 2022 WL 1125385, at *2 (N.D. Ga. Apr. 15, 2022) (citing United States v. Jenkins, No. 1:08-CR-0209, 2021 U.S. Dist. LEXIS 68020, 2021 WL 1311044, at *4 (N.D. Ga. Apr. 8, 2021).

### III. DISCUSSION

#### a. Exhaustion

Before a defendant may seek compassionate relief from a district court, the defendant must have first exhausted his administrative remedies. Harris, 989 F.3d at 911. Mr. Bizzell contends in his Motion that he submitted his administrative remedy request for compassionate release to the Warden of his facility on January 25, 2024, and that the Warden denied his request on February 16, 2024. (Dkt. 283-1 at 15-23)

Defendant then appealed the decision through the BOP's administrative remedy process on February 26, 2024. (Dkt. 283-1 at 24-27) Although it is unclear whether Defendant ever received a response to his BOP appeal, the plain text of the First Step Act makes it clear that an inmate may file a motion for compassionate release after 30 days have passed since the request was made to the Warden, *or* after exhausting administrative review, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Here, as Mr. Bizzell filed the Motion on March 18, 2024, it is clear that more than 30 days have passed since the request was made to the Warden of his facility.

Moreover, the Government, which has declined to oppose the Motion, does not contend that Defendant has failed to comply with the exhaustion requirement. See Harris, 989 F.3d at 911 (citing Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1849-50 (2019)) (finding that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, rather than a jurisdictional requirement, and that any objection to § 3582(c)(1)(A)'s exhaustion requirement may be forfeited if the party asserting the rule, i.e. the United States, fails to argue that defendant failed to exhaust). As such, the Court finds that Mr. Bizzell has properly exhausted his administrative remedies and considers his Motion to be ripe for review on the merits.

### b. Merits

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. As noted above, § 1B1.13, as

8

amended, includes a new category in the guideline text for "Unusually Long Sentence[s]," which may qualify as extraordinary and compelling where, among other things, "a change in the law ... would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6).

According to Mr. Bizzell, "[h]is primary argument is that his sentence is overlong because of a sentencing disparity in sentences for Section 924(c) offenses now that the First Step Act has eliminated the stacking of long consecutive mandatory minimum sentences for Section 924(c) offenses." (Dkt. 283 at 11) For support, Mr. Bizzell relies on § 1B1.13(b)(6), which provides:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The Court finds that Mr. Bizzell has established an extraordinary and compelling reason for a modification to his sentence.

### i. Mr. Bizzell is Eligible for Relief

As an initial matter, it is undisputed that Mr. Bizzell is eligible for relief under § 1B1.13(b)(6) because his original sentence of 65 years is, by any definition, an "unusually long sentence." See, e.g., United States v. Ware, No. 1:97-cr-9-SCJ, 2024

9

U.S. Dist. LEXIS 42736, at *21 (N.D. Ga. Mar. 6, 2024) (55-year sentence for three armed bank robberies deemed "unusually long sentence" where over 80% of defendant's sentence arose from the § 924(c) mandatory penalties (i.e., 540 of 665 months)). Here, 84% of Mr. Bizzell's sentence arose from the § 924(c) mandatory penalties (i.e., 660 of 780 months). And, having been in federal custody since September 2011, Mr. Bizzell has served more than 10 years in prison.

In addition, there is a clear disparity between Mr. Bizzell's initial sentence and the sentence that would be imposed today given the change in the law. Since Mr. Bizzell's original sentence was imposed, Congress amended § 924(c). Section 403 of the First Step Act expressly prohibits "stacking" of § 924(c) charges arising from the same crime. See United States v. Hewlett, No. 5:93-CR-00137-SLB-SGC-2, 2020 U.S. Dist. LEXIS 234295, at *6 (N.D. Ala. Dec. 14, 2020) ("[i]n 2018, Congress passed the First Step Act and changed the language of Section 924(c) to avoid the 'stacking' of Section 924(c) convictions charged in the same indictment; under the First Step Act, only a Section 924(c) violation committed after a prior conviction for a Section 924(c) offense has become final triggers an extra-long consecutive mandatory minimum sentence.") Congress, however, did not make this change retroactive. See First Step Act § 403(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222; see also United States v. Nesbitt, No. 21-10109, 2021 U.S. App. LEXIS 31949, 2021 WL 4947105, at *1 (11th Cir. Oct. 25, 2021) ("[T]he First Step Act amendment to § 924(c) was not made retroactively applicable[.]"). But, by applying § 1B1.13, as amended, the Court is now able to consider amendments to § 924(c) that result in a

gross disparity between Mr. Bizzell's initial sentence of 65 years and what he would likely be sentenced to today. See § 1B1.13(b)(6)

As relevant here, the statutory mandatory minimum for Mr. Bizzell's § 924(c) convictions for carrying and using a firearm in connection with a drug trafficking crime has not changed from the time his sentence was imposed, that is Mr. Bizzell would still receive 5 years for his first § 924(c) conviction under Count Three, see § 924(c)(1)(A)(i). As for his subsequent § 924(c) convictions under Counts Five and Seven, where his second and third firearms convictions previously carried 25 years, they would each carry only 5 years under current law. See 18 U.S.C. § 924(c)(1)(A)(i). However, these sentences would be consecutive, not concurrent as Mr. Bizzel seems to believe. (See Dkt. 283 at 37); Lora v. United States, 143 S. Ct. 1713, 1715 (2023) ("When a federal court imposes multiple prison sentences, it can typically choose whether to run the sentences concurrently or consecutively. See 18 U.S.C. § 3584. An exception exists in subsection (c) of §924, which provides that 'no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment.'") (quoting 18 U.S.C. § 924(c)(1)(D)(ii)).

As a result, if Mr. Bizzell were convicted today, his sentence on the first § 924(c) offense (for carrying and using the firearm) would be 5 years, plus 5 years on the second, and another 5 years on the third, and the combined sentence on Mr. Bizzell's three § 924(c) convictions would be 15 years. Assuming (as Mr. Bizzell himself does) that his non-section 924(c) offenses would still result in a 10-year (120-

month) sentence, (Dkt. 283 at 37), Mr. Bizzell's overall imprisonment term would be 25 years (300 months). Thus, today Mr. Bizzell's firearm convictions would constitute around 60% of his sentence and his overall time served would decrease by 40 years (i.e. 480 months, or approximately 62%). "This is a gross disparity." See Ware, 2024 U.S. Dist. LEXIS 42736 at *22.

Consequently, the Court finds that Mr. Bizzell's "unusually long sentence" combined with the change in law provides an extraordinary and compelling reason to reduce his sentence. Furthermore, the Court finds that it is authorized to reduce his sentence, consistent with Eleventh Circuit precedent, because an "unusually long sentence" is a reason expressly provided for and specified in the Sentencing Commission in U.S.S.G § 1B1.13. See Bryant, 996 F.3d at 1262. ("[W]e hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.")

### ii. Mr. Bizzell is Not a Danger to the Community

Mr. Bizzell must also demonstrate that he no longer presents a danger to the community. Mr. Bizzell states that his "prison records . . . plainly show[] that [he] has been a good prisoner and then some, having completed hundreds of hours of coursework and having discharged his job duties impressively." (Dkt. 283 at 32) He further claims that he "did not commit a dangerous violent crime." (Id. at 36) Notably, the Government, having not opposed the relief, does not offer any evidence that Mr. Bizzell continues to present a danger to the community.

12

"In considering whether Defendant presents a danger, the Court looks at the factors in 18 U.S.C. § 3142(g). See U.S.S.G. § 1B1.13(a)(2). These factors include: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger posed by Defendant's release. 18 U.S.C. § 3142(g)(1)-(4)." Ware, 2024 U.S. Dist. LEXIS 42736 at *23. Defendant's conduct in this matter was certainly serious and the evidence against him was compelling. A jury found him guilty beyond a reasonable doubt on all ten counts of, inter alia, selling crack cocaine and firearms to an undercover officer. (See Dkts. 169, 209, 255) But, despite these facts, the record does not support a conclusion that Mr. Bizzell currently presents a danger to the community. Notably, the BOP classifies Defendant as a low-risk inmate, stating as recently as February 23, 2024, that his risk of recidivism is "low." (See Dkt. 283-1 at 2) The records also do not show any disciplinary incidents, and Mr. Bizzell states that he "has not had a disciplinary incident in a decade." (See id. at 2, 11; Dkt. 283 at 36) Thus, based on the foregoing, the Court finds that, if Mr. Bizzell's sentence were reduced, he would not pose a danger to society under U.S.S.G § 1B1.13(a)(2) and 18 U.S.C. § 3142(g).

### iii.  Mr. Bizzell satisfies the Section 3553(a) Factors

Finally, the Court must consider whether Mr. Bizzell satisfies the Section 3553 (a) factors before reducing his sentence. See Tinker, 14 F.4th at 1237. 18 U.S.C. § 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary," to achieve the purposes of sentencing. Specifically, under § 3553(a),

sentences must reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. Id. § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims. Id. § 3553(a)(1)-(7).

The Court is not required to "exhaustively analyze" each § 3553(a) factor or articulate its findings in great detail. Cook, 998 F.3d at 1184-85; accord Tinker, 14 F.4th at 1241 (ordinarily sufficient to acknowledge consideration of § 3553(a) factors and the parties' arguments). However, the Court must "provide enough analysis 'that meaningful appellate review of the factors' application can take place.'" Cook, 998 F.3d at 1184 (citing United States v. Johnson, 877 F.3d 993, 998 (11th Cir. 2017)).

Mr. Bizzell contends that he did not commit a dangerous, violent crime and that he has already served a custodial sentence that is sufficient for his crimes. (Dkt. 283 at 36) Mr. Bizzell also notes that he has undertaken significant efforts to rehabilitate himself while in prison. (Id. at 9, 36) As above, the Government offers no opposition to Mr. Bizzell's contention that he has satisfied the § 3553(a) factors.

Contrary to Mr. Bizzell's contention, the Court does not view the crimes he committed as non-dangerous as he was found guilty of, inter alia, selling crack cocaine and firearms to an undercover officer on three separate occasions. Notwithstanding these crimes, Defendant contends that he has not had a disciplinary

incident in a decade, and the records he provides support his contention. (See Dkt. 283-1 at 2, 11) The records further demonstrate that he obtained his GED while in prison and has taken advantage of many other educational opportunities. (Id. at 1) Notably, he completed a drug education assignment in 2012 and a residential drug treatment assignment in 2013. (Id. at 2)

Moreover, "the other factors to be considered in the Section 3553(a) analysis do not weigh so forcefully against [Mr. Bizzell], and in fact many lean in his favor." Ware, 2024 U.S. Dist. LEXIS 42736 at *26. Indeed, the time that Mr. Bizzell has currently served for his offenses reflects their seriousness, adequately deters, and provides just punishment. Notably, "[t]he disparity between [Mr. Bizzell's] sentence for his crimes and any person who would commit the same crimes today, as well as the Sentencing Commission's latest amendments to the compassionate release statute, also favor [Mr. Bizzell's] request for a modification per the Section 3553(a) factors." Id. For these reasons, the Court finds that the § 3553(a) factors support a reduction to his sentence.

## IV. CONCLUSION

In sum, Mr. Bizzell has demonstrated an extraordinary and compelling reason for modification of his sentence and, further, that such modification is consistent with U.S.S.G. § 1B1.13. Mr. Bizzell has also shown that he does not present a danger to the community and that the relevant § 3553(a) factors favor modifying his sentence. Accordingly, it is hereby **ORDERED** as follows:

1. Mr. Bizzell's Motion for Compassionate Release pursuant to 18 U.S.C. §

3582(c)(1)(A) and U.S.S.G. § 1B1.13, (Dkt. 283), is **GRANTED IN PART and DENIED IN PART**. It is **GRANTED** to the extent that Mr. Bizzell's previously imposed sentence of 780 months is hereby reduced to 300 months. However, because Mr. Bizzell has served less than this amount of time, the motion is **DENIED** to the extent that Mr. Bizzell requests immediate release. Instead, he will remain incarcerated for the pendency of his remaining sentence, which is to be calculated by the Bureau of Prisons.[3]

2. Mr. Bizzell's previously imposed terms and conditions of supervised release are unchanged.

3. The Court **DIRECTS** the Clerk to mail a copy of this Order and its corresponding amended judgment and commitment to the United States Marshal Service **and** the Federal Bureau of Prisons (320 First St. NW, Washington, DC 20534).

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of April 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

---

[3] Based on prison records, it appears that Defendant has incurred a certain amount of good time credits, which the BOP should also factor in when calculating the remainder of his sentence.